IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JASON MARTINEZ,

        Petitioner,

vs.                                                      No. CV 16-01280 RB/KRS

V. HORTON (WARDEN), and
The Attorney General of the State of New Mexico,
HECTOR BALDERAS,

        Respondents.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** is before the Court under Fed. R. Civ. P. 41(b) on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody. (Doc. 1.) The Court will dismiss the petition without prejudice for failure to comply with Court orders, failure to comply with statutes, and failure to prosecute.

This is a habeas corpus proceeding under 28 U.S.C. § 2254. The filing fee for a § 2254 proceeding is $5.00. 28 U.S.C. § 1914. Petitioner did not pay the $5.00 filing fee but, instead, filed his Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4), supplemented by his six-month inmate account statement (Doc. 6.) The Court conducted an analysis of the inmate account submitted by Petitioner under § 1915(b)(1) and determined that Petitioner has sufficient financial resources to prepay the $5.00 filing fee for commencement of the action. The six-month inmate account statement reflected deposits totaling $267.20 over the six months preceding filing of the action and an average balance of $49.18 during that six-month period. (Doc. 6.)

Further, Petitioner's December 22, 2016 Application, signed under penalty of perjury,

states, "I do not have family or any source of incoming monies coming to me from any outside sources." (Doc. 4 at 1.) However, his six-month inmate account statement, filed on January 19, 2017, in response to the Court's Order to Cure Deficiency, clearly shows cash receipts totaling $180.00 from "C. Martinez." (Doc. 6 at 1–4.) His account statement also shows that he spends his funds in the commissary to purchase such items as cookies, chips, and coke. (*Id.*) When a prisoner has the means to pay a filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the fee. *Baker v. Suthers*, 9 F. App'x 947, 949 (10th Cir. 2001). Therefore, on March 7, 2017, the Court denied Petitioner leave to proceed pursuant to § 1915 and ordered Petitioner to pay the full $5.00 filing fee within 30 days. (Doc. 8.)

On March 16, 2017, Petitioner Martinez sent a letter to the Court Clerk claiming that he was submitting "(3) payments of 8.65 cents per month of March April and May." (Doc. 9 at 1.) Attached to the letter was an Inmate's Request for Withdrawal of $33.62 signed by Petitioner Martinez but not by any official of the Guadalupe Correctional Facility. (*Id.* at 2.) The letter further stated "[d]ue to the Inner Mail System at this facility please credit my US District Court District of New Mexico Civil Docket for case no. 16-cv-01280 RB/LAM pending 20% of my additional payment of $500.00 Dollars process fee." (*Id.* at 1.) No payment was included with the March 16, 2017 letter, nor has the Court ever received any payment from Petitioner Martinez.

Petitioner Martinez previously filed several cases that establish a pattern of failure to pay filing fees.[1] In *Martinez v. Funk*, No. CV 16-00612 KG/LF (D.N.M. 2016), the Court dismissed Petitioner's prisoner civil rights case for failure to pay the initial partial filing fee payment of $6.37 as ordered by the Court. CV 16-00612, Doc. 15 (D.N.M. Jan. 3, 2017). In that case, the

---

[1] This Court may take judicial notice of its own records. *Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972).

Court found that similar contentions regarding the inner prison mail system at Guadalupe County Correctional Facility were unsupported by any factual allegations. *Id.* at 2. Similarly, in *Martinez v. Guadalupe County Correctional Facility*, No. CV 17-00606 JCH/WPL (D.N.M. 2017), Martinez was ordered to make an initial partial payment of $48.24 under 28 U.S.C. § 1915(b) based on his six-month inmate account statement. CV 17-00606, Doc. 6 (D.N.M. June 23, 2017). Martinez moved the Court to reduce the amount of the initial partial payment, and the Court granted a reduction to $15.00 based on his assurance that he could pay $15.00. *Id.*, Docs. 8 (D.N.M. July 5, 2017); 9 (July 15, 2017). However, rather than pay the $15.00, Martinez chose to voluntarily dismiss the proceeding. *Id.*, Doc. 10 (D.N.M. July 25, 2017). Finally, in *Martinez v. Geo Group Inc.*, No. CV 17-01141 JCH/GJF (D.N.M. 2017), Martinez was again ordered to make an initial partial payment of $ 8.09 based on his six-month inmate account statement. CV 17-01141, Doc. 9 (D.N.M. Mar. 26, 2018). Martinez, again, voluntarily withdrew the complaint in order to avoid payment of the initial partial filing fee. *Id.*, Doc. 10 (D.N.M. Apr. 6, 2018).

Petitioner Martinez was denied leave to proceed *in forma* pauperis in this case based on his financial ability to pay the $5.00 fee and on a false statement in his Application. He was ordered to pay the $5.00 filing fee within 30 days. (Doc. 8.) Petitioner did not pay the $5.00 filing fee within the 30 day time period. On June 1, 2017, the Court entered an Order to Show Cause directing Petitioner Martinez to show cause within 21 days why this case should not be dismissed for failure to comply with the Court's Order and failure to prosecute. (Doc. 13.)

Martinez filed his Response to the Court's Order to Show Cause on June 20, 2017. (Doc. 14.) In his Response, for the first time, he contends that there is no filing fee for a § 2254 proceeding. (*Id.* at 1.) He also demands that the Magistrate Judge recuse himself from "further interference." (*Id.* at 2.) Contrary to the contentions of Petitioner Martinez, there is a statutorily

required filing fee of $5.00 for an application for writ of habeas corpus. 28 U.S.C. § 1914(a). A prisoner litigant must pay the filing fee as required by § 1914 or comply with the requirements of 28 U.S.C. § 1915. Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required collect the $5.00 fee from the Petitioner or authorize Petitioner to proceed without prepayment of the fee. Despite being given multiple opportunities and substantial time to pay the $5.00, Petitioner Martinez has failed to comply with 28 U.S.C. §§ 1914 and 1915 and with the Court's December 14, 2016, March 7, 2017, and June 1, 2017 Orders.

Pro se litigants are required to follow the federal statutes, rules of procedure and simple, non-burdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with statutes, the rules of civil procedure, or court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Orders and failure to prosecute this proceeding.

**IT IS THEREFORE ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with Court orders, failure to comply with statutes, and failure to prosecute.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE